FILED

2016 JUN 15  P 12: 09

US DISTRICT COURT
HARTFORD CT

Timothy G. Martin
Plaintiff appearing Pro *se*
11 Porter St
Lakeville CT 06039
Cell 860-392-8565
collegedegreeexpress@yahoo.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**TIMOTHY G. MARTIN**
   *Plaintiff*

   *v.*

**Town of Simsbury**

Case No. 16-cv-933
JCH

**JENNIFER KERTANIS**

**KRISTIN KULA**

**HIRAM PECK**

**M.HOWARD BEACH**

**MICHAEL GLIDDEN**

**MARGERY C B WINTERS**
   *Defendants*

**Verified Complaint**

**Jury Trial Demanded**

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 USC § 1983 and  sec.1985

INTRODUCTION

Comes now the plaintiff Timothy G. Martin of Connecticut appearing *pro se* and makes

the following complaint under 42 USC §1983 for the violation of the plaintiff's civil rights to

Due Process and Equal Protection Under the Law secured by the United States Constitution or

by Federal law and guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the

Constitution of the United States to deprive the plaintiff of property and due course of justice in

violation of 42 U.S.C. sec. 1981, 42 U.S.C. sec. 1985 (3) and 42 U.S.C. sec. 1983.

JURISDICTION

1) Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a) (3), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

PARTIES

1) Plaintiff Timothy Martin is a natural person residing at 9 Dogwood Ln, Simsbury, Connecticut, United States of America; was a resident of Connecticut during all relevant times of this action.

2) Defendant Jennifer Kertanis, who is a natural person was a resident of Hartford, County, Connecticut, United States of America, and a duly-appointed Director of the Farmington Valley Health District (FVHD), a division of the Town of Simsbury, at all times relevant to this Complaint

3) Defendant Kristin Kula who is a natural person, was a resident of Hartford, County, Connecticut, United States of America, and a duly-appointed Sanitarian of the Farmington Valley Health District (FVHD) a division of the Town of Simsbury at all times relevant to this Complaint

4) Defendant Town of Simsbury is a Municipal Corporation, organized under the laws of the state of Connecticut. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Jennifer Kertanis, Kristin Kula, Michael Glidden, Howard Beach, and Hiram Peck at all times relevant to this Complaint.

5)   Defendant Hiram Peck of Connecticut, United States of America, and the duly-appointed Director of Planning and Zoning, Town of Simsbury, Connecticut, at times relevant to this Complaint. He was and has been responsible for the promulgation and implementation of land use policies, procedures, and practices in the Town of Simsbury.

6)   Defendant Howard Beach of Connecticut, United States of America, and  WAS the duly-appointed Conservation/ Zoning compliance officer , City of Simsbury, Connecticut, at  times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of land use policies, procedures, and practices in the Town of Simsbury

7)   Defendant Michael Glidden of Connecticut, United States of America, and is the duly-appointed conservation/zoning Enforcement officer Town of Simsbury, Connecticut, at times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of land use policies, procedures, and practices in the Town of Simsbury

8)   Defendant Margery C B Winters of Connecticut, United States of America, and is the duly-appointed conservation commission chairman for the Town of Simsbury, Connecticut, at times relevant to this Complaint. She is and has been responsible for the promulgation and implementation of inland wetlands land use policies, procedures, and practices in the Town of Simsbury

9)   Plaintiff sues all public employees in their official and individual capacities.

10) At all times material to this Complaint, Defendants Jennifer Kertanis, Kristin Kula , Michael Glidden, Howard Beach and Hiram Peck acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Connecticut, Town of Simsbury, .

## FACTS COMMON TO ALL COUNTS

### FACTS

11) Plaintiff has exhausted all administrative remedies available prior to this action.

12) Plaintiff  is the legal owner of a building lot located on Lark Rd, Simsbury CT as shown on the  Town of Simsbury map #3976   and described by the Town of Simsbury assessor as house lot D03-208-003A

13) The lot was created under the Free/First Cut section of the zoning law which allows property that predates town zoning, which has not been altered, to be allowed to create one additional building lot without the zoning commission approval but the lot must still comply with current zoning to be created which was affirmed by the zoning compliance officer which in the instant matter was Beach who was supervised by Peck.

14) The Town of Simsbury, Zoning Compliance Officer at the time, Beach, helped design the map for the land split then approved and signed the map prior to it being filed in the town clerk's office and known as Town of Simsbury map #3976.

15) All property maps filled in the Town of Simsbury are required by the Town Clerk to be reviewed and approved by the Zoning Compliance Officer in order to be filled as was Map #3976 which created the subject property.

16) After the Map was filed the Town of Simsbury assessor had appraised the lot at over $118,000 making it a legal lot of record and naming it on the assessors card "HOUSE LOT" The assessor has taxed it as such since its creation at just under $3200 per year in property taxes.

17) Plaintiff is a builder by profession and relied upon the future income from the development of the subject property. Due to the actions of the Defendants the Plaintiff's has suffered great financial losses.

COUNT 1: VIOLATIONS OF 42 U.S.C. 1983:        PLAINTIFF'S RIGHT TO EQUAL PROTECTION

18) Plaintiff repeats and re alleges and incorporates by reference the allegations in paragraphs 1 through 16 above with the same force and effect as if herein set forth.

19) The plaintiff applied to the Farmington Valley Health District, herein after known as FVHD, for a septic permit for the subject property. Septic systems are a

type of <u>onsite sewage facility</u> (OSSF). This is the first step in obtaining a building permit.

20) The FVHD and the named defendants demanded the Plaintiff unnecessarily redesign the proposed system several times, harassing the Plaintiff. After finally making all the design changes that the FVHD and defendants Kertanis, and Kula had requested, the Plaintiff then demanded the issuance of a septic permit. The FVHD and these named defendants then claimed that the soil testing results, done by a State licensed Professional Engineer with over 50 years experience, were erroneous and insinuated the results were falsified. On information and belief no other soil test results performed by a State Licensed Professional Engineer have ever been challenged by the defendants.

21) In an effort to resolve the issue so that plaintiff could move forward being plaintiff is a builder and has no other source of income, plaintiff offered to redo the soil test in front of the named defendants, at great personal expense, with the caveat that if the they were proven to be the same as the engineer had originally stated the FVHD would issue the septic permit.

22) The FVHD and Kertanis refused to agree to the issuance of a health permit after observing the tests in the field even if the results were as originally reported stating "THEY MAY FIND SOMETHING ELSE." Even if the soil results were correct. Plaintiff was then forced to file an Appeal with the State of CT Health Dept. where in a trial de novo it was agreed in settlement that plaintiff would retest the soils, at great expense and delay to Plaintiff, in the presence of a indifferent sanitarian, the Town of Simsbury attorney, the Professional Engineer who did the original testes and Plaintiff. The test results were exactly the same as the original tests and as part of the settlement a Septic permit was issued. Upon information and belief, no other applicant was ever forced to go to such lengths or expense in order to verify the accuracy of the soil tests of their State licensed Professional Engineer.

23) At the insistence of  Sanitarian and Defendant Kula; the Town of Simsbury and Beach in a letter dated Jan 30,2015 informed the Plaintiff that although there were no Inland Wetlands located on the subject property according to the official/Approved Inland wetlands map for the Town of Simsbury  Plaintiff would have to conduct a full wetlands investigation of his property, at further great personal expense and delay, prior to the issuance of a building permit because they now claimed **THEIR** INLAND WETLANDS MAP WAS ERONEOUS.

24) The Town of Simsbury and Beach in the letter dated Jan.30 2015 did refer to the subject property as" YOUR NEWLY CREATED LOT."

25) The Town of Simsbury and Beach stated they were relying on an unapproved/unofficial map that has hundreds, if not thousands, of differences between it and the official/approved Town of Simsbury Inland Wetlands Map.

26) The Town of Simsbury and Beach were aware of the existence of this unofficial/unapproved map for years yet never imposed it on anyone else.

27)  Despite the fact that Beach informed the Plaintiff that no wetlands testing would be required to develop the property prior to plaintiff purchasing the property.

28)  Kula admitted to Plaintiff she had no soil science training or experience, nor was wetlands protection in any way in the scope of her job description yet claimed "SHE FELT THERE WERE WETLANDS SOIL ON THE PROPERTY "and there for the Plaintiff should be forced to investigate for wetlands.

29)  Plaintiff spent several months pleading with Beach as to the unfairness and lack of Constitutionality in making Plaintiff test for wetlands when no one else in the same geographic area was required to do so.

30)  Beach retired without the wetlands testing issue being resolved and was replaced as Conservation Enforcement Officer, herein after known as CEO, and Zoning Enforcement Officer, herein after known as ZEO, by Glidden who continued to require  Plaintiff to conduct a full wetlands investigation of his property prior to the issuance of a building permit

31) Dozens, if not hundreds, of building lots in the Town of Simsbury have been developed with both the approval of Beach as CEO or Glidden as CEO prior to and after Beach's letter of Jan. 30 2015. These properties had potential wetlands according to the unapproved/unofficial map but were not required to do a wetlands investigation because there were no wetlands located on them according to the Approved/Official wetlands map for the Town of Simsbury.

32) The Town of Simsbury Conservation Commission has no appeal process or form. Plaintiff emailed the Town of Simsbury Attorney, Robert Decrescenzo and Glidden for clarification on procedure but neither responded. In an abundance of caution plaintiff filed a letter of appeal with The Town of Simsbury Conservation Commission, herein after known as the Commission, appealing the decision of the CEO Glidden via the Town of Simsbury. Town Clerk which the Commission did not respond to.

33) On April 11, 2016 the Plaintiff sent an official correspondence to the Town of Simsbury Conservation Commission asking for a definitive answer as to whether they were going to hold the plaintiff to the unofficial/unapproved inland wetlands map, in violation of the state law which they operate under. The correspondence has been on their agenda for over 60 days without a response.

34) To bring the issue to a head plaintiff applied for a building permit.  Glidden, acting as both CEO and ZEO, responded to the building permit application with a letter dated March 4, 2015 where he stated not only would plaintiff be required to do wetlands testing prior to the issuance of a building permit but he now took the new position "AFTER CAREFUL REVIEW" that the subject property was not a building lot.

35) In his March 4, 2015 letter Glidden states that the subject property was never approved as a building lot stating the subject property lacks the required 200' of street frontage. Town of Simsbury map #3976 which was approved and signed by the Zoning Compliance Officer at the time, Beach, clearly shows a road with 200' of frontage as required. Glidden then threatened criminal action against the plaintiff for advertising the sale on an unapproved lot.

36) It is unlawful under state and local zoning regulations to create a substandard or nonconforming lot which Glidden states in his letter to the plaintiff dated March 4, 2015.

37) The subject property is in a single family residential zone. The only prescribed use of the property is a single family residence. The only reason to create a lot in this zone is to construct a single family residence.

38) Plaintiff filled an appeal of the ZEO Glidden's decision that "the lot is not a legal building lot" with the Town of Simsbury Zoning Board of Appeals, herein after known as ZBA, The ZBA relied upon false and erroneous testimony given to them by Peck, Glidden and the Town of Simsbury attorney, Robert Decrescenzo, which the ZBA relied upon in making their decision.

39) Plaintiff asked at the open meeting of the ZBA if anyone had spoken to Beach as to why he approved the creation of a nonconforming substandard lot. No one answered in the affirmative including Glidden who shook his head in the negative. The meeting was video recorded by the Town of Simsbury.

40) In a related State case the plaintiff filled interrogatories on Beach who in his response admits he spoke to Glidden in reference to the subject party contradicting the statements of Glidden at the 1st ZBA hearing. Additionally Beach states that Glidden claimed plaintiff refused to deed a potion of the subject property to the Town of Simsbury as required and that has caused the property to be deemed unbuildable. Yet at no time did Glidden or the Town of Simsbury mention in any communiqué to plaintiff anything pertaining to the deeding of anything to the Town of Simsbury.

41) Glidden and Peck have perjured themselves under oath in their interrogatory responses in the same case in an effort to cover their prior acts.

42) In another part of the false testimony given to the ZBA at the open hearing Glidden testified that a lot could be legally created for non-building purposes such as agriculture, changing his previous opinion that the lot was not yet legally created. This erroneous and unlawful opinion was supported by the Town of Simsbury Attorney Robert Decrescenzo.

43) Relying on the false and erroneous testimony of the defendants Glidden, Peck and the Town Attorney, Robert Decrescenzo, the ZBA wrongfully affirmed the position of the ZEO Glidden.

44) The only suggested remedy given by Glidden, Peck and the Town of Simsbury attorney Robert Decrescenzo was for the plaintiff to SOMEHOW merge his property with a neighboring property, owned by others, and apply for a rear lot subdivision. Even if the suggested merger were possible the property clearly

would not qualify for a rear lot subdivision under the Town of Simsbury Zoning regulations, there for there was no possible way to bring the property into compliance according to Glidden, Peck and the Town attorney without a variance.

45) Never in any testimony or correspondence by any defendants or the Town Attorney Robert Decresenzo, was the deeding of the Plaintiffs paper road or refusal to deed the road to the Town of Simsbury ever mentioned as in Beach's sworn interrogatory responses.

46) In an effort to resolve the issues and move forward, the plaintiff is a builder and has no other source of income, plaintiff applied to the ZBA for a variance of the required road frontage for the subject property which would make the subject property immediately buildable and limit the damages suffered by the plaintiff. The ZBA relying on false and erroneous testimony from Glidden that was supported by the Town of Simsbury attorney Robert Decresenzo, denied the plaintiff's a variance.

47) Plaintiff claims the Town of Simsbury has made a regulatory TAKING of his property and had already served the town of Simsbury with a DEMAND FOR COMPENSATION.

48) As a result of their **concerted unlawful and malicious conspiracy** of Defendants, Kertanis, Kula, Beach, Peck, Glidden and the Town of Simsbury, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985 AS A RESULT PLAINTIFF SUSTAINED GENERAL AND SPECIAL DAMAGES

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 2: VIOLATIONS OF 42 U.S.C. 1983;
REFUSING OR NEGLECTING TO PREVENT

49) Plaintiff repeats and re alleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

50) At all times relevant to this Complaint, Defendant Kula was a Sanitarian of the FVHD and were acting under the direction and control of Kertanis, and Town of Simsbury.

51) Acting under color of law and pursuant to official policy or custom Defendant Kertanis and the Town of Simsbury knowingly, recklessly, or with gross negligence failed to instruct, supervise, control of defendants in their duties.

(a) Unlawfully and maliciously denying plaintiff a septic system permit  a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) Unlawfully and maliciously denying plaintiff a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities a building permit for his property as to wetlands, zoning and drainage.

(c) Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States.

(d) Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities, and use of his property as prescribed.

52) Defendants Peck, Kertanis and the Town of Simsbury had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Peck and the Town of Simsbury had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

53) Defendants Peck, Kertanis and the Town of Simsbury directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Kula, Beach and Glidden heretofore described.

54) As a direct and proximate cause of the negligent and intentional acts of Defendants Kula, Beach, Glidden, and the Town of Simsbury as set forth in paragraphs 1-47 above, Plaintiff suffered, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 5: CONSPIRACY

55) Plaintiff repeats and re alleges and incorporates by reference the allegations in paragraphs 1 through 53 above with the same force and effect as if herein set forth.

56) All the Defendants **(a)** had an object to be accomplished; **(b)** had an agreement on the object or course of action; **(c)** performed one or more unlawful overt acts; and **(d)** caused Plaintiff damages that were a direct result of those acts.

57) In furtherance of their object, to keep the plaintiff's property from being developed, defendants did two or more overt acts against the plaintiff. Those unlawful overt acts include, but are not limited to, the following: Refused to issue a septic permit forcing Plaintiff to file a State Health Dept. Appeal in order to overcome the unlawful acts of the FVHD, Kertanis, and Kula. Unlawfully require Plaintiff to do a full wetlands investigation in order to get a building permit, decided the lot was an unapproved lot 2 ½ years after its creation.

58) Defendants Town of Simsbury, Peck and Kertanis are liable under the doctrine of respondent superior.

59) Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60) Plaintiff repeats and re alleges and incorporates by reference the allegations in paragraphs 1 through 58 above with the same force and effect as if herein set forth.

61) Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, by conspiring against Plaintiff, or by interfering with Plaintiff's civil rights or knew or should have known that emotional distress was the likely result of their conduct.

62) Defendants conduct was extreme and outrageous; The Plaintiff has had a pending foreclosure and will most likely lose his home due to the actions of the defendant

63) The actions of the Defendants were the cause of the Plaintiff's distress.

64) Plaintiff is a reasonable man He has been in land development in the State of CT for 35 years. He is an honorably discharged veteran of two services. He has been married for over 29 years and the father of 4.

65) The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

66) As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

67) Defendants Town of Simsbury, Peck and Kertanis are also liable under the doctrine of respondent superior.

68) **Egregious conduct:** As a result of the Defendants' extreme and outrageous conduct, The Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants    Kertanis, Kula, Town of Simsbury, Glidden, Peck and Beach in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT 7: NEGLIGENCE

69) Plaintiff repeats and re alleges and incorporates by reference the allegations in paragraphs 1 through 67 above with the same force and effect as if herein set forth.

70) Glidden and Peck's decisions as to the subject property clearly erroneous as is their opinion that property in the Town of Simsbury can be legally divided in a nonconforming/substandard configuration for agricultural purposes.

71) Defendants Town of Simsbury, Peck and Kertanis owed a duty to supervise or train their employees and to take steps to prevent events such as occurred here.

72) Defendants Town of Simsbury, Kertanis and Peck are also liable under the doctrine of respondent superior.

WHEREFORE, Plaintiff demands judgment against Defendants Town of Simsbury, Kertanis, Kula, and Glidden for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 8:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

73) Plaintiff repeats and re alleges and incorporates by reference the allegations in paragraphs 1 through 71 above with the same force and effect as if herein set forth.

74) Defendants continually negligently inflicted emotional distress on the Plaintiff.

75) Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff.

76) Defendants breached their duties to the plaintiff.

77) Plaintiff suffered mentally by Defendants' breach of duty.

78) Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

79) Defendants Town of Simsbury, Peck and Kertanis are also liable under the doctrine of respondent superior.

80) As a result of the Defendants' negligent conduct, the Plaintiff has suffered and will continue to mental anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants Jennifer Kertanis, Kristin Kula, Town of Simsbury, Hiram Peck, M. Howard Beach and Michael Glidden in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT 9: INVERSE CONDEMNATION

81) Plaintiff repeats and re alleges and incorporates by reference the allegations in paragraphs 1 through 79 above with the same force and effect as if herein set forth.

82) Based on the defendant Glidden's decisions sustained by Town of Simsbury ZBA and the failure of the Town of Simsbury ZBA to grant a variance, plaintiff is in possession of a worthless piece of property because of the regulation of the property's use is so severe that it goes "too far" and deprives the owner/plaintiff of the property's value, utility and marketability, denying him the benefits of property ownership thus accomplishing a constitutionally forbidden de facto taking without compensation.

83) Plaintiff has exhausted all administrative remedies to use the subject property in its prescribed use as a residential single family building lot to no avail making the defendants actions a per se taking.

   WHEREFORE, Plaintiff demands judgment, compensation for the subject property, including interest, jointly and severally against Defendants Jennifer Kertanis, Kristin Kula, Town of Simsbury, Hiram Peck, M. Howard Beach and Michael Glidden in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Respectfully submitted,

## PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

June 14, 2016

Subscribed and sworn to before me, this 14 th day of June 2016.

_____
Notary Public

Joan E. Nagy
Notary Public
Connecticut
My Commission Expires January 31, 2019