# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY G. MARTIN<br>*Plaintiff*, | )<br>)<br>) | 3:16-CV-00933 (KAD) |
| v. | )<br>) | |
| TOWN OF SIMSBURY, ET AL.<br>*Defendants*. | )<br>) | August 13, 2019 |

## ORDER ON MOTION FOR SUBJECT MATTER
## WAIVER OF PRIVILEGE SANCTIONS AND COSTS

Before the Court is the Plaintiff, Timothy Martin's (the "Plaintiff") Motion for Subject Matter Waiver of Privilege, Sanctions and Costs (ECF No. 97). He seeks an order from the Court that all documents previously withheld by the Defendants on the basis of attorney client privilege be disclosed to him because the Defendants have intentionally disclosed other privileged communications to him and have therefore waived subject matter attorney-client privilege. The Defendants object to any such order.

For purposes of this motion, the Court accepts as accurate the following averments by the parties. The Plaintiff went to the Simsbury Town Hall and asked to see the file regarding the real property that is the subject of this litigation. While reviewing the file, he located an email exchange between the town attorney and several of the defendants. The email was not produced in discovery and, in fact, was withheld on the basis of privilege. The Defendants were not aware that the email exchange had been placed in the property file and when the Plaintiff disclosed that he was in possession of the emails, the Defendants requested that the document be returned. The Plaintiff denied that request.

A client may by his actions impliedly waive the attorney client privilege, and "an attorney may, in appropriate circumstances, possess an implied authority to waive the privilege on behalf of his client. *In re von Bulow,* 828 F.2d 94, 101 (2d Cir. 1987) (quoting *Drimmer v Appleton,* 628 F.Supp. 1249, 1251 (S.D.N.Y. 1986)). Courts decide whether to find such an implied waiver based upon fairness considerations. *See In re Cty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008). The so-called "fairness doctrine" aims "to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information. *Von Bulow*, 828 F.2d at 101. "In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). "Whether fairness requires disclosure has been decided by the courts on a case by case basis and depends primarily on the specific context in which the privilege is asserted." *Id. at 183*.

But the rule, designed to protect the party, the fact finder and the judicial process "from selectively disclosed and potentially misleading evidence does not come into play" when the disclosures are extrajudicial and are not placed at issue during litigation. *John Doe Co. v. United States*, 350 F.3d 299, 306 (2d Cir. 2003); *see Von Bulow*, 828 F.2d at 103 ("But where, as here, disclosures of privileged information are made extrajudicially and without prejudice to the opposing party, there exists no reason in logic or equity to broaden the waiver beyond those matters actually revealed.")

Here, unbeknownst to the Defendants, and by means unknown, the privileged email exchange was placed in the public file where it was discovered by the Plaintiff. The Defendants do not and have not asserted or relied upon the document to advance their claims in this

litigation.[1] Indeed, they sought to "claw back" the document when they learned of the disclosure. This is a quintessential example of an extrajudicial disclosure.

Accordingly, the circumstances presented here do not implicate an implied waiver of the Defendants attorney client privilege on the subject matter of the Plaintiff's property or this litigation. The motion for a finding of waiver and order of production is therefore DENIED.

The Plaintiff's motion for sanctions and costs is also DENIED. The Plaintiff attaches a singular, very sinister, meaning to the email exchange and asks this Court to summarily sanction the Defendants. The Plaintiff's interpretation of the emails is by no means the only interpretation, and they do not, as asserted, constitute conclusive evidence that the Defendants have litigated in bad faith or committed fraud upon the courts as suggested.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of August 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[1] To the contrary, the Plaintiff places high evidentiary value on the document to support his claims.